UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRITTANY PECORARO** ) | CIVIL ACTION |
| *Plaintiff* ) | NO. __:___-cv-_____ |
| ) | |
| **VERSUS** ) | DISTRICT JUDGE: |
| ) | HON. _____ |
| **OCEAN HARBOR CASUALTY** ) | |
| **INSURANCE COMPANY** ) | MAGISTRATE JUDGE: |
| *Defendant* ) | HON. _____ |

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the
United States District Court for the
Eastern District of Louisiana

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Ocean Harbor Casualty Insurance Company ("Defendant" or "Ocean Harbor"), who hereby files this Notice of Removal of the above captioned civil action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby removes this matter to the United States District Court for the Eastern District of Louisiana based on diversity jurisdiction, 28 U.S.C. § 1332 and avers as follows:

**I.**

On March 22, 2023, Brittany Pecoraro ("Plaintiff"), filed the attached Petition, entitled *Brittany Pecoraro v. Ocean Harbor Casualty Insurance Company*, bearing the suit No. 196102, Division "Hurricane Case," in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, against Defendant, Ocean Harbor Casualty Insurance Company, alleging damage as a result of Hurricane Ida, which struck on or about August 29, 2021.[1]

---

[1] See **Petition for Damages**, attached hereto as **Exhibit A,** at ¶ 3.

## II.

Ocean Harbor desires to have this cause of action removed from the docket of the 32nd Judicial District Court for the Parish of Terrebonne to the docket of the United States District Court for the Eastern District of Louisiana under the provisions of 28 U.S.C. §§ 1332 and 1441.

## BASIS FOR REMOVAL

## III.

Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332.

## COMPLETE DIVERSITY BETWEEN THE PARTIES

## IV.

Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a).

1. Plaintiff is domiciled in Terrebonne Parish, Louisiana.[2]
2. Defendant, Ocean Harbor Casualty Insurance Company, is a foreign organization incorporated pursuant to the laws of the State of Florida with its principal place of business in Florida.

## AMOUNT IN CONTROVERSY

## V.

Additionally, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

---

[2] See **Exhibit A**, Plaintiff's Petition for Damages.

## VI.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

## VII.

Louisiana Code of Civil Procedure Article 893 A(1) articulates the following requirements for a plaintiff pleading a specific amount of monetary damages:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

La. C.C.P. art. 893, thus, requires a plaintiff to state generally that their claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Here, Plaintiff has failed to allege a specific amount of damages in her Petition. Where a petition does not specify a monetary demand, it is nonetheless removable if it is facially apparent from the petition that the claims are likely to exceed $75,000. *Davis v. State Farm Fire & Cas.,* No. 06-0560, 2006 WL1581272, slip op. at *2 (E.D. La. June 7, 2006); *St. Paul Reins. Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

## VIII.

If a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, that Louisiana case law will then resemble any other amount-in-controversy case, bringing into play the foundational rule of removal jurisdiction: The plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869.

## IX.

Defendant is able to prove that the claim likely exceeds $75,000 by setting forth facts that support a finding of the requisite amount. *Id*. at 868.  In connection with proving that the amount of controversy likely exceeds $75,000, Ocean Harbor refers to Paragraphs 3 and 5 of Plaintiff's Petition for Damages, wherein Plaintiff alleges having provided an estimate of her damages to Defendant reporting the loss in the amount of $150,453.73, where Ocean Harbor's adjustment of the loss determined total damages to only be $24,151.99 after application of Plaintiff's deductible and recoverable depreciation.[3]  Thus, on the face of the Petition alone, it is clear that because the difference in estimates is over $126,000.00, the amount in controversy easily exceeds the jurisdictional threshold of $75,000.00.

However, the policy at issue provides relevant coverage up to the following limits: Dwelling - $60,500; Other Structures - $0; Personal Property - $15,000; Additional Living Expenses: $6,050.[4] As cited in Paragraph 5 of Plaintiff's petition, the estimate prepared by GLS & Associates, Inc., reports the insured's damages in the amount of $150,453.73, consisting of

---

[3] See **Exhibit A**, Plaintiff's Petition for Damages at ⁋ 3 and 5.
[4] See Plaintiff's Policy Declarations Page, attached hereto as **Exhibit B**.

$136,464.13 for damages to Dwelling, $3,996.00 for damages to Personal Property/Contents, and $9,993.60 for loss of use/additional living expenses.[5] By allegedly submitting the estimate to Ocean Harbor,[6] after accounting for the policy limits in place[7] and prior payments made of $24,151.99[8], Plaintiff effectively requested a supplemental payment for damages in the amount of $41,337.61. Obviously, this amount alone would not satisfy the amount in controversy requirement, such to make the suit removable. However, in the Petition, Plaintiff prays for the following relief against Ocean Harbor:

1) Finding Defendant liable to Plaintiff for statutory penalties, damages, attorney's fees and costs under La. R.S. 22:1892 and/or 22:1973 and awarding same to Plaintiff;

2) Awarding Plaintiff general damages caused by Ocean Harbor's breach of its duty of good faith and fair dealing; and

3) For special damages, including but not limited to diminution in value, penalties and attorneys' fees, all costs of these proceedings and interest from date of judicial demand until paid.[9]

Specifically, Plaintiff alleges that Ocean Harbor violated La. R.S. 22:1973 by "misrepresent[ing] pertinent facts and insurance policy provisions in its dealings with the Plaintiff by representing that the original estimate was a fair estimate of the damages."[10] Ocean Harbor

---

[5] See estimate of Plaintiff's damages prepared by GLS & Associates, Inc., attached hereto as **Exhibit C**, at page 18.

[6] See **Exhibit A**, Plaintiff's Petition for Damages at ₱ 5.

[7] See **Exhibit B**, Plaintiff's Policy Declarations Page.

[8] See **Exhibit A**, Plaintiff's Petition for Damages at ₱ 3.

[9] See **Exhibit A**, Plaintiff's Petition for Damages at Prayer for Relief.

[10] See **Exhibit A**, Plaintiff's Petition for Damages at ₱ 8.

rigorously denies any wrongdoing, however, should this court find Defendant in violation of La R.S. 1973, "[i]n addition to any general or special damages to which the claimant is entitled for breach of the imposed duty," Ocean Harbor could be liable to the claimant for "award penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."[11] As explained above, in this case, Plaintiff seeks additional payment for damages caused by Hurricane Ida of at least $41,337.61. Doubling that amount pursuant to La. R.S. 22: 1973, would make Ocean Harbor liable up to $82,675.22, an amount in excess of $75,000.00. As such, the suit is removable even when only considering potential damages under La. R.S. 22: 1973.

In whole, when considering the statutory penalties discussed above and those additionally sought under La R.S. 22: 1892, along with general and special damages prayed for by Plaintiff, it is clear the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and cost, and thus this case is removable.

## X.

Therefore, while Defendant neither admits liability nor any element of damages alleged by Plaintiff, Defendant has met the burden of establishing the amount in controversy is in excess of $75,000, exclusive of interest and costs.

---

[11] See La. R.S. 22:1973(C).

## DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### XI.

Ocean Harbor was served with a copy of the Petition through the Louisiana Secretary of State's Office on April 18, 2023.[12] Thus, this Notice of Removal is timely filed, as it is filed within thirty (30) days after receipt of the Petition by Ocean Harbor, in accordance with 28 U.S.C. § 1441 and 1446(b)(2)(B).

### XII.

The 32nd Judicial District Court for the Parish of Terrebonne is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in the Eastern District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

### XIII.

Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. § 1446(a).

### XIV.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne.

---

[12] See Suit details from Louisiana Secretary of State's website, showing dated received of April 18, 2023, attached hereto as **Exhibit D**.

**XV.**

This action is removable under and by virtue of the acts of Congress of the United States and the Defendant desires to remove it to this Court.

Accordingly, Defendant, Ocean Harbor Casualty Insurance Company, asks that the above-captioned action be removed to this Court, the United States District Court for the Eastern District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq*.

Respectfully submitted:

 /s/   Antonio J. Torres
JAMES W. HAILEY, III (23111)
JASON C. MACFETTERS (29617)
ANTONIO J. TORRES (40532)
Lewis Brisbois Bisgaard & Smith, LLP
400 Poydras Street, Suite 1300
New Orleans, LA  70130
Phone:  504-322-4100
Fax:  504-754-7569
Email: James.Hailey@lewisbrisbois.com
           Jason.MacFetters@lewisbrisbois.com
           Antonio.Torres@lewisbrisbois.com
*Attorneys for Ocean Harbor Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been served upon opposing counsel by electronic transmission only this 9th day of May, 2023.

    /s/ Antonio J. Torres
ANTONIO J. TORRES